UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA
CIVIL DIVISION

Ellen L. DeLaine
5608 - 14th Street N.W.
Washington, D.C. 20011
202-829-1745

vs.

National Park Service / U.S.
Department of the Interior
serve: Arthur E. Gary, Esquire
Associate Solicitor
Office of the Solicitor
Division of General Law
1849 C Street, N.W.
Washington, D.C. 20240

CASE NUMBER   1:06CV02194
JUDGE: Emmet G. Sullivan
DECK TYPE: Personal Injury/Malpracti
DATE STAMP: 12/26/2006

COMPLAINT

(1.) On August 15, 2005 at the location of 16th and Colorado Avenue N.W., Washington, D.C., Plaintiff had just exited the Slor 52 Washington Metropolitan Area Transit Authority Bus on 16th Street N.W., at the intersection of Colorado Avenue N.W. at approximately 9:30 p.m., and was using an assistive walker and carrying a portable roller cart and entered Rock Creek Park to use the Women's restroom on Lot 24. As Plaintiff was exiting the restroom a male United States Park Police Officer was walking in the direction towards Plaintiff with a flashlight shining in the direction of Plaintiff then he ordered Plaintiff to stop and she did. The United States Park Police Officer approached Plaintiff and held his lighted flashlight in Plaintiff's face and informed Plaintiff

1

that an alarm had just gone off in the William Fitzgerald Tennis Center and Plaintiff stated that she knew nothing about it. The Park Police Officer's conduct became violent, outrageous, and uncivilized and beyond decency when he used excessive force and began kicking and stepping on the bags on Plaintiff's rollercart and he pulled out his nightstick or a similar device and raised his arms at Plaintiff and snatched Plaintiff's assistive walker from her hands and violently threw it against the fence surrounding the tennis court, and then grabbed Plaintiff's portable roller cart away from her and threw it on the ground and then brutally pushed Plaintiff on the ground and stood over Plaintiff with his arms raised and holding his nightstick in one hand while Plaintiff began screaming to the top of her voice continually for help until three or four United States Park Police vehicles arrived at the scene of the crime and observed Plaintiff on the ground with the assailant Park Police Officer standing over Plaintiff.

The Park Police Officers who arrived at the scene of the crime and observed Plaintiff on the ground asked Plaintiff if she were injured and Plaintiff stated yes, and they called an ambulance. A fire rescue truck, number 29, arrived and stated that they could not transport Plaintiff to a hospital. Fire Rescue technician Mr. Neely walked towards Plaintiff who was still on the ground injured, and he kicked Plaintiff on her foot twice in the presence and witness of the other United States Park Police Officers and Fire Rescue technicians. Plaintiff requested the name of the United States Park Police Officer who called her the ambulance for his name and the name of the assailant United States Park Police Officer, which he stated that he would give but he never did. The ambulance arrived

2

and Plaintiff was removed from the scene of the crime and requested to be taken to a specific hospital but was instead taken to another. While Plaintiff was still in the ambulance on a stretcher, the Hospital Female Emergency Medical Supervisor came to the ambulance and stood over Plaintiff and said to the ambulance drivers that nothing was wrong with Plaintiff. The Hospital Emergency Medical Supervisor ordered the ambulance drivers to take Plaintiff to her requested hospital because they were full and not accepting patients. The ambulance drivers agreed to the supervisor's orders and still did not take Plaintiff to her requested hospital, but instead took Plaintiff to another hospital and left Plaintiff there. Plaintiff had to call for another ambulance to transport her to her requested hospital.

Plaintiff has sustained continual offenses from the United States Park Police who have been participating as members in concerted actions in a civil conspiracy of invasion of Plaintiff's rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress and overt acts in furtherance of the conspiracy whereby Plaintiff was injured. United States Park Police has been keeping Plaintiff under surveillance while on their facilities and premises by means of unauthorized use of wire and electronic devices for audio and oral communications; invaded Plaintiff's privacy and wrongfully disclosed and published private facts regarding Plaintiff's activities while there, when Plaintiff arrived or departed, what time and means of transportation Plaintiff departed, etc., falsely portrayed Plaintiff to the public and the pictures and photographs illustrate a certain type of story, used Plaintiff for commercial purposes without her consent; intentional

3

torts of assault, battery, false imprisonment, invasion of privacy, and emotional distress.

United States Park Police violated United States Code Title 18, Ch. 13 - Civil Rights, Sect. 245(2)(b)(1)(B) - Federally protected activities; Title 18, Ch. 19 - Conspiracy, Sect. 373(9)(C) - Conspiracy to commit a crime of violence; Title 18, Ch. 119 - Selected Statutes on Electronic Surveillance and Wiretaps, Sect. 2511(1) - Interception and disclosure of wire or oral communications prohibited.

(2) Other offenses by United States Park Police include an occurrence on Wednesday, August 3, 2005 at the location of Rock Creek Park at 16th and Colorado Avenue N.W., Washington, D.C. at approximately mid afternoon when United States Park Police Officer Roddacker who was accompanied by a male adult person in a Department of Interior uniform with a name badge of M. Papa, had rudely interrupted Plaintiff who was relaxing at a picnic table, and with no probable cause or suspicion of any criminal activity Officer Roddacker's conduct became uncivilized and outrageous and she falsely accused Plaintiff of being in the park for three days and began to use unnecessary force and illegally searched Plaintiff and unnecessarily harrassed Plaintiff at the request of the male in the Department of Interior uniform M. Papa, who was constantly supplying information to Park Police Officer Roddacke on what to do. Plaintiff was threatened and suffered emotional distress from their outrageous conduct which was uncivilized and beyond human decency and was done in malice.

(3) On Friday, September 23, 2004 at approximately eleven (11) o'clock P.M. at the location of Rock Creek Park Carter Baron, at 16th and Colorado Avenue, N.W., Washington, D.C. Plaintiff was seated there on a bench.

4

United States Park Police Officer Bellis, number (#) 295-D-3 stated to Plaintiff that the Park is closed and Plaintiff stated that there were no posted signs stating that the Park is closed at dark. Officer Bellis stated that the area is poorly marked and Plaintiff stated that she would leave. Officer Bellis's conduct became outrageous and uncivilized and asked Plaintiff for identification and used excessive force and snatched Plaintiff's purse, and invaded her privacy and went through it. Plaintiff asked if she were under arrest and he did not give Plaintiff a probable cause or a reason for her detention, and he recorded Plaintiff's private information of her name, address, etc., from her identification cards and stated that he wanted his division to know that he had Plaintiff on record. Plaintiff was threatened and intimidated under color of law in a federally protected activity and her rights were intentionally violated out of malice and Plaintiff suffered emotional distress and fear of her life from how her private information would be used after being illegally confiscated.

  Plaintiff was continually harrassed and threatened and attacked by United States Park Police since 1999 and the offenses and injuries were continual throughout the years. Plaintiff's complaint is a related case to her 2004 lawsuit filed in Superior Court for District of Columbia, civil action number 04-377 and Plaintiff stated therein that the United States Park Police were participating as members in concerted actions with conspirator defendants named in complaint including United States; District of Columbia; Sheryl E. Ellison;

5

William S. Fralin; Thomas H. DeLaine; and Franklin P. DeLaine. Plaintiff's complaint was removed to the United States District Court for District of Columbia, civil action number 04-872, whereby Plaintiff gave details, names, dates, times, locations, and particular constitutional provisions and statues of offenses by United States Park Police. Plaintiff appealed her case in the United States Court of Appeals for District of Columbia, Appeal number 04-5420, and filed a Relief from Judgment Motion 5 the September 23, 2004 U.S District Court order that dismissed her complaint, and the November 3, 2004 U.S District Court for D.C. order that denied her motion for a new trial, on September 23, 2005 and included in her Relief from Judgment, pursuant to Federal Rules of Civil Procedures 60, additional new evidence of continual offenses and overt acts in furtherance of the conspiracy whereby Plaintiff was injured which includes the occurrences mentioned in this complaint; and Plaintiff also alleged therein that the offenses and injuries are still in the process of being committed.

Plaintiff filed an Administrative Tort Claim with the U.S. Department of Justice on April 19, 2006 which they received on April 24, 2006, In a letter dated October 23, 2006 Plaintiff received a letter in response to the administrative tort claimed which she presented to the U.S. Department of Justice on April 24, 2006 and they stated that pursuant to 28 C.F.R. § 14.2(b)(1), a claim must be presented to the federal agency whose activities gave rise to the claim. In this case, the appropriate agency for evaluating the merits of my claim are the Administrative Office of the National Park Service, and accordingly, they

6

forwarded my claim to those agencies which includes Arthur E. Gary, Esquire, Associate Solicitor, Office of the Solicitor, Division of General Law, National Park Service, United States Department of the Interior, 1849 C Street N.W., Washington, D.C. 20240.

Therefore, Plaintiff's complaint states claims upon which relief can be granted and this court has jurisdiction of the subject matter of Plaintiff's Complaint.

Plaintiff is suing defendant, National Park Service/ U.S. Department of the Interior, for punitive damages for Constitutional Torts, Civil Conspiracy, false imprisonment, assault, battery, emotional distress, invasion of privacy, terrorism, as they carried out this reckless misconduct for over a period of time and caused injury to Plaintiff that resulted in a measurable loss to Plaintiff. Plaintiff seeks judgment against National Park Service/U.S. Department of the Interior, for punitive damages in the sum with interests and costs of

$30,000,000.00

Plaintiff is suing defendant, National Park Service/ U.S. Department of the Interior, for compensatory damages for medical bills, pain and suffering, physical harm, emotional distress, mental anguish, discomforts from pain and suffering, and damage done to reputation and character. Plaintiff seeks judgment against defendant, National Park Service/U.S. Department of the Interior, for compensatory damages in the sum with interests and costs of

$30,000,000.00

7

Plaintiff seeks total judgment for compensatory and punitive damages against defendant, National Park Service/U.S. Department of the Interior, in the sum with interests and costs of:

$60,000,000.00

Respectfully submitted,

*Ellen L. Delaine*

Ellen L. Delaine
5608 - 14th Street N.W.
Washington, D.C. 20011
202-829-1745

8

B
06-2194
EGS

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Ellen Delaine

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NP)

## DEFENDANTS
National Park Service

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CASE NUMBER   1:06CV02194

JUDGE: Emmet G. Sullivan

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 12/26/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZEN FOR PLAINTIFF

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☒ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— O —

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1346

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 30 million   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES ☐ NO   If yes, please complete related case form.

DATE 12.26.06   SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd