UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN DELAINE, )<br>)<br>    **Pro se Plaintiff,** )<br>)<br>v. )<br>)<br>NATIONAL PARK SERVICE, et al. )<br>)<br>    **Defendants.** )<br>_____ ) | Case No. 06CV2194 (EGH) |

**DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants, through counsel, move this Court for an Order dismissing this case for lack of subject matter jurisdiction.

Pro se Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988). In support of this Motion, Defendants respectfully refer the Court to the attached Memorandum of Points and Authorities and proposed order.

March 22, 2007                                           Respectfully submitted,

                                                                                                                                      s/
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney

                                         s/
                                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                                         Assistant United States Attorney

                                                               s/
                                        KAREN L. MELNIK, D.C. BAR # 436452
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        Civil Division
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 307-0338

Of Counsel:
Perri S. Rothemich
Attorney-Adviser
U.S. Department of the Interior
1849 C. Street N.W.
Washington, D.C. 20240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN DELAINE, | ) |
| | ) |
|     <u>Pro se</u> Plaintiff, | ) |
| | ) |
| v. | )   Case No. 06CV2194 (EGH) |
| | ) |
| NATIONAL PARK SERVICE, <u>et al.</u> | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff filed the instant Complaint seeking money damages for alleged torts occurring on September 23, 2004, August 3, 2005, and August 15, 2005. Plaintiff's effort is fatally flawed because she failed to exhaust her administrative remedies with the United States Park Police ("USPP"), as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

**PROCEDURAL HISTORY**

On September 23, 2004, August 3, 2005, and August 15, 2005, Plaintiff had contact with members of the USPP. <u>See</u> Complaint at 1, 4. These contacts are the basis for this lawsuit. On April 24, 2006, the Department of Justice received from Plaintiff, an administrative federal tort claim dated April 19, 2006. The claim presented multiple agencies with multiple claims, including the three above-mentioned contacts with the USPP. The Department of Justice forwarded the administrative claim to the appropriate federal agencies, pursuant to 28 C.F.R. § 14.2(b)(1).[1] The Department of the Interior received the claim on October 31, 2006. <u>See</u>

---

[1] 28 C.F.R. § 14.2(b)(1) provides in pertinent part:

    A claim shall be presented to the Federal agency whose activities
    gave rise to the claim. When a claim is presented to any other

Declaration of Perri S. Rothemich ("Rothemich Decl.") at ¶4. The Department of the Interior has not yet issued a final agency decision regarding Plaintiff's administrative claim. See id. at ¶ 5. Because Plaintiff failed to exhaust her administrative remedies pursuant to the Federal Tort Claims Act, this Court lacks subject matter jurisdiction, and the complaint should be dismissed without prejudice.

## ARGUMENT

I.  Legal Standards

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1), as the Court lacks jurisdiction over the subject matter. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

---

Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim . . . . A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

II.     This Court Lacks Subject Matter Jurisdiction To Hear This Action

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress. See United States v. Testan, 424 U.S. 392, 399 (1976). The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional. As the Supreme Court has recognized, the "terms of [the United States] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting). When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA. The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added); Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

In this case, Plaintiff filed an administrative claim with the Department of Justice, which was received on April 24, 2006. See Rothemich Decl. at ¶ 4. The Department of Justice forwarded Plaintiff's claim to the Department of the Interior, the appropriate federal agency for purposes of 28 C.F.R. §14.2(b)(1), on October 24, 2006. See id. The Department of the Interior received Plaintiff's administrative claim on October 31, 2006. See Rothemich Decl. at ¶ 4. Her claim is still being evaluated by the agency. See id. at ¶ 5. The agency has until April 30, 2007 to respond to Plaintiff's administrative claim.

Plaintiff filed her lawsuit in this Court on January 23, 2007. Since Plaintiff filed a civil suit prior to the expiration of the six-month time frame within which the agency has to respond, she has failed to exhaust her administrative remedies, and this lawsuit should be dismissed for lack of subject matter jurisdiction. See Kubrick, 444 U.S. at 117-18; McNeil v. U.S., 508 U.S.

106, 111 (The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.").

In addition, with respect to Plaintiff's alleged contact with the USPP which occurred on September 23, 2004, Plaintiff failed to present an administrative claim as to that contact within two years of claim accrual. See Rothemich Decl. at ¶ 4. Plaintiff's tort claim was not received by the appropriate federal agency until October 31, 2006, more than six weeks beyond the two-year statute of limitations. See id. Thus, Plaintiff is statutorily barred from filing an administrative claim with respect to the September 23, 2004 incident. See Houston v. United States Postal Serv., 823 F.2d at 902.

## CONCLUSION

Because Plaintiff failed to exhaust her administrative remedies under the FTCA, this Court should dismiss the Complaint for lack of subject matter jurisdiction.

March 22, 2007                                  Respectfully submitted,

                                                /s/
                                                JEFFREY A. TAYLOR, D.C. Bar #498122
                                                United States Attorney


                                                /s/
                                                RUDOLPH CONTRERAS, D.C. Bar #434122
                                                Assistant United States Attorney

                      /s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

Of Counsel:
Perri S. Rothemich
Attorney-Adviser
U.S. Department of the Interior
1849 C. Street N.W.
Washington, D.C. 20240

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, was sent via first class mail on the 22nd day of March, 2007, to the following:

Ms. Ellen Delaine  
5608 14th Street, N.W.  
Washington, D.C. 20011

 

                                       Karen L. Melnik  
                                       Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN DELAINE, | ) |
| | ) |
|     <u>Pro se</u> **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 06CV2194 (EGH) |
| | ) |
| **NATIONAL PARK SERVICE, <u>et al.</u>** | ) |
| | ) |
|     **Defendants.** | ) |
| _____ | ) |

**ORDER**

UPON CONSIDERATION of Defendants' motion to dismiss, the grounds stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of _____, hereby:

ORDERED that Defendants' motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that the Complaint is dismissed without prejudice.

_____
UNITED STATES DISTRICT COURT

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C.  20530

Ms. Ellen Delaine
5608 14th Street, N.W.
Washington, D.C. 20011

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLEN DELAINE, | ) | |
| | ) | |
| Pro se Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 06CV2194 (EGH) |
| | ) | |
| | ) | |
| NATIONAL PARK SERVICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF PERRI S. ROTHEMICH

I, Perri S. Rothemich, make this declaration in lieu of an affidavit pursuant to 28 U.S.C. §1746. I am aware that this declaration may be filed in the United States District Court for the District of Columbia, and that it is the legal equivalent of a statement under oath.

1. I am an Attorney-Advisor with the Division of General Law, Office of the Solicitor, United States Department of the Interior, 1849 C. Street N.W., Washington, D.C. 20242. I have been so employed since September 2003.

2. As part of my duties, I handle all administrative claims presented against the Department of the Interior and its Bureaus under the Federal Tort Claims Act, 28 U.S.C. §2671 et. seq.

3. For claims filed against the National Park Service and the United States Park Police, I work in connection with a Claims Specialist for that Bureau. The Claims Specialist performs an initial investigation of each claim, and presents my office with a written report of his findings. Based in part on that report, I determine whether or not the claim is compensable under the Federal Tort Claims Act, and proceed either with payment or denial of the claim.

4. On April 24, 2006, the Department of Justice received an administrative federal tort claim dated April 19, 2006 filed by plaintiff. The claim presented multiple agencies with multiple claims, including the three contacts with the United States Park Police listed in the complaint (September 23, 2004, August 3, 2005, and August 15, 2005). The Department of Justice forwarded the administrative claim to the appropriate federal agencies pursuant to 28 C.F.R. §14.2(b)(1) on October 23, 2006. The Department of the Interior received the administrative complaint on October 31, 2006.

5. The Department of the Interior is investigating Ms. Delaine's claim and has not yet issued a final agency decision on her administrative federal tort claim.

I declare under the penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief, and based upon information provided by employees of the United States Department of the Interior and records maintained by that agency.

Executed on March 21, 2007

PERRI S. ROTHEMICH
Attorney-Advisor
Division of General Law
U.S. Department of the Interior
1849 C Street N.W., MS 7308
Washington, DC 20242
(202) 208-6201