UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA
CIVIL DIVISION


Ellen L. Delanie,

                    Plaintiff,                              Civil Action No. 06-2194 (EGS)

v.

National Park Service, U.S.
Department of the Interior


Plaintiff's Opposition To Defendant's Motion To Dismiss For Lack of Subject
Matter Jurisdiction


        Plaintiff hereby files the within Opposition and move this
Court for an Order denying Defendant's Motion To Dismiss for
Lack of Subject Matter Jurisdiction.
        In support of this Opposition, Plaintiff respectfully
refer the Court to the attached Memorandum of Opposing Points and
Authorities

                                        Respectfully submitted,

                                        Ellen L. Delanie

                                        Ellen L. Delanie
                                        5608-14th Street N.w.
                                        Washington, D.C. 2024
                                        202-829-1745

**RECEIVED**

APR 25 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA
CIVIL DIVISION

Ellen L. Delaine,

        Plaintiff,

Case No. 06CV 2194 (EGS)

V.

National Park Service, et al.,

        Defendants

Plaintiff's Memorandum of Opposing Points And Authorities In Support Of Her Opposition To Motion To Dismiss

       Plaintiff filed this instant Complaint alleging that it is a related case to her 2004 District court lawsuit, civil action no. 04-872 in Delaine v United States Assistant Attorney for District & Columbia, et al., alleging a civil conspiracy of invasion & rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by concerted actions that began in 1999 and that United States Park Police participated as members in concerted actions in overt acts in furtherance of the conspiracy whereby Plaintiff was injured. Plaintiff alleged that the torts occurring on September 23, 2004, August 3, 2004, and August 15, 2004 by United States Park Police were additional evidence & continual repetitions overt acts in furtherence & the conspiracy whereby Plaintiff was injured that was not alleged in the

1

2004 District Court civil action no. 04-872, but are alleged in Plaintiffs September 23, 2005 Motion For Relief From Judgment, pursuant to Federal Rules of Civil Procedures 60, file in United States Court of Appeals for District of columbia, Circuit, Appeal no. 04-5420 in Delaine v. United States Assistant Attorney for District of Columbia, et al.

## A. Procedural History

1. Plaintiff filed the instant complaint against USPP for continual repetitions over acts in furtherance of a civil conspiracy whereby she was injured on September 23, 2004 August 3, 2005, and August 15, 2005 in Rock Creek Park in Washington, D.C, and further alleged that she was continually harrassed, threatened, and attacked by USPP since 1999. Plaintiff further alleged that her instant complaint is a related case to her 2004 District Court lawsuit civil action no. 04-872 as it involves the same defendants and same subject matter and that she alleged therein that USPP participated as members in concerted actions.

2. Plaintiff's instant complaint alleges that it is a related case to her 2004 Superior Court Lawsuit, civil action no. 04-377 that was removed to United States District Court for District of Columbia, civil action no. 04-872 in Delaine v. U.S. Assistant Attorney for District of columbia, et al, and alleges in the complaint that USPP participated as members in concerted actions with conspirator defendants named in complaint which included United States, District of Columbia, Sheryl Ellison, William Fralin, Thomas Delaine, and Franklin Delaine. Plaintiff also alleges in District Court civil action no. 04-872 that other government and non-government agencies and individuals including USPP,

2

Washington Metropolitan Area Transit Authority, Safeway and Grant Food Stores, Greyhound Bus Lines, Inc., and Police and Police securities participated as members in concerted actions in this civil conspiracy & invasion her rights involving Constitutional and common law torts (Exhibit 1).

3. Plaintiff's instant Complaint alleges that her Superior Court lawsuit, civil action no. 04-377, was removed to United States District Court for District of Columbia, civil action no. 04-872, in Delanie v. U.S. Assistant Attorney for District of Columbia, et al, whereby on August 2, 2004 Plaintiff gave names, dates, locations, times, details, and particular constitutional provisions and statutes & offenses in her "Motion for Reconsideration & Motion To Dismiss Defendants, District of Columbia, et al, and Opposition To Motion To Dismiss United States Government, et al." Plaintiff alleged therein a civil conspiracy & invasion & rights in a continuing intentional tort doctrine for a continuing intentional infliction & emotional distress by concerted actions, and violations of U.S. Codes Title 18, Ch. 13- Civil Rights, Sects. 241- Conspiracy Against Rights, Sect. 242- Deprivation of Rights Under color of law, Sect. 245 (a)(1)(6), (b)(1)(B)(E), (2)(B)(E)(F) - Federally protected activities, Sect. 246- Depriving relief benefits; Title 18, Ch. 19- Conspiracy, Sect. 371- Conspiracy to commit offense or to defraud United States, Sect. 373- Solicitation to commit a crime of violence; Title 18, Ch. 119- Selected Statues on Electronic Surveillance and Wiretaps, Sect. 2511- Interception and disclosure of wire or oral communications prohibited, Sect. 2518(1) Procedure for interception & wire or oral communication. Plaintiff also alleged common law torts of assault, battery, false imprisonment, fraud, defamation, invasion & privacy, emotional distress, negligence, and that these continual repetitions Constitutional and common law torts occurred throughout the United States

3

since the beginning of the conspiracy in 1999, and that the offenses are still in the process of being committed.

Plaintiff also gave details therein of other occurrences of intentional torts committed by USPP which are not included in this instant complaint that occurred throughout Rock Creek Park in Washington, D.C.; on the Washington, D.C. Monument grounds; and on the Lincoln Memorial grounds during 1999 through 2003 and were included in Plaintiff's August 3, 2004 "Motion For Reconsideration Motion To Dismiss Defendants District of Columbia, et al, and Opposition To Motion To Dismiss United States Government, et al" in District Court civil action no. 04-872 in DeLaine v. U.S. Assistant Attorney for District of Columbia, et al.

41. Plaintiff's instant Complaint alleges therein that District Court civil action no. 04-872 in DeLaine v. U.S. Assistant Attorney for District of Columbia, et al, was dismissed and appealed in United States Court of Appeals for District of Columbia, Circuit, Appeal no. 04-5420. On September 23, 2005 in United States Court of Appeals, Appeal no. 04-5420, Plaintiff filed a "Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedures 60, of the September 23, 2004 District Court Order that dismissed the case and the November 3, 2004 District Court Order that denied her motion for a new trial, and Plaintiff included therein additional new evidence of continual repetitions overt acts in furtherance of the conspiracy by USPP whereby she was injured, which includes the occurrences alleged in this instant action along with other occurrences that were not included. Plaintiff's September 23, 2005 Relief from Judgment, pursuant to Fed. R. Civ. P. 60, alleges that the occurrences mentioned therein are additional new evidence of facts and findings of continual repetitions overt acts in furtherance of the conspiracy whereby Plaintiff was injured after her District

4

Court Case, civil action no. 04-872 was dismissed, and which involves multiple agencies including USPP, Greyhound Bus Lines, Inc., Washington Metropolitan Area Transit Authority, Giant Food Stores, Police and police security, who were all mentioned in her 2004 District court lawsuit, civil action no. 04-872.

Therefore Plaintiffs instant complaint against USPP regarding the contacts with them on September 23 2004, August 3, 2005, and August 15, 2005 are not the only basis for this lawsuit, as these occurrences represent additional new evidence, & continual repetitions overt acts in furtherance & the conspiracy, whereby Plaintiff was injured by them, in additineto other occurrences not mentioned in this instant action whereby National Park Service and Park Police are connected to other occurrences that they also participated in as members in concealed actions in rights violations in furtherance & the conspiracy whereby Plaintiff was injured physically and emotionally. Plaintiffs instant complaint alleges that she was continually harrassed, threatened and attacked by USPP since 1999 and that the offenses and injuries were continual throughout the years.

5. On April 6, 2006 Plaintiff filed her Administrative Tort Claim & multiple agencies and multiple claims with the Department & Health and Human Services Office & General Counsel in Washington, D.C., and it was returned to her by certified mail with a letter dated April 7, 2006 that stated that Plaintiffs claims appeared to be with the Social Security Administration (Exhibit 2). On April 19 2006 Plaintiff refiled her administrative tort claim of multiple agencies and claims to the U.S. Department & Justice, Civil Division, Torts Branch in Washington, D.C. (Exhibit 3) along with a letter to the attention & Ms. Phyllis Pyles, Director, explaining that the Department

of Health and Human Services did not properly review her claim and transfer it to the appropriate agencies, but instead returned it to Plaintiff. Plaintiff further stated in her letter that she is completing a new SF-95- Administrative Tort Claim form) to reflect the date that it will be mailed to Department of Justice, and Plaintiff also stated that she will include the letter of April 7, 2006 from the Department of Health and Human Services stating that they are returning to Plaintiff her April 6, 2006 Administrative Tort Claim (Exhibit 4).

B. Argument

Plaintiff's April 19, 2006 Administrative Tort Claim g multiple agencies and claims that was forwarded to the Department of Justice clearly gives, dates, locations, times, names, and details of the various offenses Plaintiff sustained and clearly identifies the responsible agencies. Plaintiff clearly states on page 16 g her Administrative Tort Claim the particular violations of Constitutional Statues a oil provisions and the common law torts that are connected to her claims. Plaintiff further states that the offenses and injuries sustained were continual from 1999, the beginning of the civil conspiracy g invasion g her rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by concealed actions. Plaintiff also states on the Administrative Tort Claim form) that her claims reflects a Civil conspiracy g invasion g rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress, naming the conspirators and the types of constitutional and common law torts involved and further states on page 16 that the offenses and injuries are still in the process g being committed (Exhibit 3).

The Justice Department responded to Plaintiff by

Letter dated October 23, 2006 stating that they received her Administrative Tort claim dated April 19, 2006 on April 24, 2006. The Department of Justice October 23, 2006 Letter to Plaintiff stated that they were forwarding plaintiff's claims to the appropriate agencies who they were able to clearly identify, but did not forward it until after they kept Plaintiff's claims for six months, which is the time frame that the agencies have to decide on the claims. National Park Service did not receive Plaintiff's Administrative Tort claim until October 31, 2006 (Exhibit 5)

Plaintiff included on her April 19 2006 Administrative Tort Claim, her District Court Cases, civil action no. 06-1502 in: Delaine vs Giant Food Stores, Inc, currently pending in District court. Plaintiff's complaint against Giant food store alleges that on September 19, 2004 Plaintiff was assaulted and battered by a customer in Giant Food Store in Washington, D.C. due to the intentional negligence of the store manager on duty and that Plaintiff's injury was an overt act assault estoppel to prevent Plaintiff from filing in District Court a related case document civil action no. 04-872 involving Plaintiff's Reply to the District of Columbia Defendant's opposition to Plaintiff's motion for Reconsideration of the Superior Court order that dismissed than on May 24, 2004 as party defendants. Plaintiff alleges that her Reply was due to be filed in District Court on September 20, 2004 and that her attack on September 19, 2004 was an assault estoppel. Plaintiff further alleged that prior to coming to the Giant Food Store that day, she was at the Rock Creek Park at 16th and Kennedy Streets N.W. Washington D.C, seated at a picnic table preparing her Reply document, Plaintiff alleges she was continuously under surveillance by unauthorized use of wire and electronic devices for

7

audio and oral communications and that her privacy was invaded and her private information was wrongfully disclosed and published regarding the contents of the documents she was preparing, what Plaintiff activities were while there, what time she arrived and departed, what bus she boarded and what time she boarded, etc., whereby Grant Food store knew exactly when Plaintiff entered their store, and that Grant was intentionally negligent as they observed Plaintiff's attack, whereby she was injured. Plaintiff was in the same location of Rock Creek Park where the occurrence of August 15, 2005 occurred.

Plaintiff instant action alleges that on August 15, 2005 Plaintiff had just exited a WMATA Bus on 16th street at the intersection of Colorado Avenue N.W., Washington, DC, before she entered the park to use the restroom. Plaintiff alleges that WMATA continually invaded her privacy and participated as members in concerted actions in the civil conspiracy and had wrongfully disclosed and published Plaintiff private facts, whereby the USPP officer knew who Plaintiff was and knew that she had just departed a Metro bus, knew exactly where Plaintiff was when he intentionally assaulted and battered and injured Plaintiff on August 15, 2005, in Rock Creek Park.

Plaintiff alleged in her District Court case in Delaine v. Washington Metropolitan Area Transit Authority (WMATA), civil action no. 05-839, that she was injured on a WMATA Bus due to the intentional negligence of the bus driver on October 28, 2004 and that Plaintiff's injury was an overt act asserted estoppel to prevent Plaintiff from filing a related case document due in District court on October 29, 2004 which involved Plaintiff's Reply to defendants District of Columbia Opposition To Plaintiff's Motion for a new trial, in Delaine v. U.S. Assistant Attorney for

8

District of Columbia, et al, civil action no. 04-8726 Plaintiff further alleged that prior to her boarding the WMATA bus that she was at the Martin Luther King Library in Washington, D.C. preparing her Reply document. Plaintiff further alleged that on October 29, 2004 the day after her injury on the WMATA bus that she filed her "Reply" document in the District Court Civil Clerks office and that it was returned to her by mail and her motion for a new trial was denied because it stated that she did not file her Reply document. Plaintiff further alleged that the civil docket sheets did not reflect that her Reply was ever filed with the Clerks office.

Plaintiff is also pursuing a Superior court case, civil action no. 05-3352 B in DeLaine V. Sterling Godfrey/Wings N Things regarding an assault and battery on Plaintiff by a customer, due to the intentional negligence of the store manager on May 11, 2005. Plaintiff alleged that she had just exited a WMATA bus on Georgia Avenue at the intersection of Kennedy Street N.W., Washington D.C. before she entered the Wings N Things on May 11, 2005. Plaintiff further alleges that on May 9, 2005 and May 10, 2005 that she was threatened at a WMATA bus stop in Wheaton, Maryland, and that she was also threatened in a Wheaton, Maryland Library after she had just exited the bus, and that the assailant knew who Plaintiff was and where she was. Plaintiff alleges that her injury on May 11, 2005 was an intentional overt act and intentional negligence of the store manager who was participating as a member of a concerted actions in a civil conspiracy of invasion of Plaintiff's rights.

Plaintiff alleges that her Administrative Tort Claim of multiple agencies and claims filed with

9

the Department of Justice on April 24, 2006 are all related cases to her 2004 District Court Lawsuit, civil action no. 04-872 in Delaine v. United States Assistant Attorney for District of Columbia, etal, that was appealed in United States Court of Appeals for District of Columbia, Circuit, Appeal no. 04-5420, as they involve the same defendants and same subject matters, continual repetitions overt acts in furtherance of the conspiracy, whereby Plaintiff was injured.

Plaintiff's instant complaint is a related case to District Court civil action no. 05-839 in Delaine v. Washington Metropolitan Area Transit Authority, and District Court civil action no. 06-1502 in Delaine v. Giant Food Stores, etal; which are currently pending in District court, and therefore this instant complaint has subject matter jurisdiction in this Court.

Plaintiff filed this instant complaint in this Court on December 13, 2006, and not on January 23, 2007. Plaintiff filed her April 19, 2006 Administrative Tort claim which was received by the Department of Justice on April 24, 2006 but Plaintiff was not notified by them of their receipt of her claim until October 23, 2006, whereby it was then when they stated that they were forwarding my claims to the appropriate federal agencies that they had no problem in identifying which agencies the claims should be forwarded to, National Park Service did not receive Plaintiff's Administrative Tort claim until October 31, 2006, which was over six months after it was received on April 24, 2006 by the Department of Justice.

In addition, Plaintiff's alleged contact with USPP which occurred on September 23, 2004,

10

is not statutorily barred from filing an administrative claim within two years of claim accrual. Plaintiff filed her Administrative tort claim with Department of Justice who received it on April 24, 2006. Department of Justice did not notify Plaintiff that they received her claim until October 23, 2006, which was six months after they had received it and the time frame for the proper agency to decide on the claims. The Department of Justice was able to clearly identify the proper agency to evaluate the claim but National Park Service did not receive the claim until October 31, 2006.

Under District of Columbia law Plaintiff establishes a continuing Tort by showing a continuous and repetitious wrong with damages flowing from the act as a whole rather than from each individual act and at least one injurious act within the limitation period. Under the continuing tort doctrine, the date the limitation period begins to run is the date of the last alleged tortious act.

Plaintiff's administrative Tort claim form clearly states that her complaints of multiple agencies and claims addresses a civil conspiracy of invasion of rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by concerted actions that began in 1999 and that the offenses and injuries are still in the process of being committed. Plaintiff's instant complaint alleges that she was continually harrassed, threatened and attacked by USPP since 1999 and that her complaint is a related case to her 2004 District Court lawsuit, Civil action no. 04-872 which states therein that USPP was participating as a member in concerted

actions)

### C.   Conclusion

Plaintiff's instant complaint should not be dismissed for lack a subject matter jurisdiction because it is a related case to District Court civil action no. 05-839 in: Delaine v. Washington Metropolitan Area Transit Authority; and District Court civil action no. 06-1502 in: Delaine v. Giant Food Stores, Inc, etal, which are currently pending in this court. Wherefore, Plaintiff's instant complaint does not lack subject matter jurisdiction and therefore, should not be dismissed.

Respectfully submitted,

*Ellen L. Delaine*

Ellen L. Delaine
5608-14th Street N.W.
Washington, D.C. 20011
202-829-1745

12

Certificate Of Service

I Hereby Certify that a copy of the foregoing Plaintiff's Opposition To Defendants Motion To Dismiss For Lack of Subject Matter Jurisdiction with attached Memorandum Of Opposing Points and Authorities In Support Of Opposition Of Motion To Dismiss was mailed first class, postage prepaid, this 25th day of April, 2007 to:

Karen L. Melnik
Assistant United States Attorney
U.S. Attorney's Office for the
District Of Columbia
Civil Division
555 Fourth Street N.W. # 4112
Washington, D.C. 20530

Ellew L. Delaine
Ellew L. Delaine

13

Ellen L. Delaine
913 Decatur St. NW
Washington DC 20011
202-829-1745

vs.

RECEIVED
CIVIL CLERK'S OFFICE
APR 0 6 2004
Plaintiff, SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

CIVIL ACTION No. 04-0000377

District of Columbia
Mayor Anthony Williams
serve: Gladys Herring
350 Pennsylvania Ave NW
Wash. DC 20004

ed:
Office of Corporation Counsel
Janice Stokes
441-4th St. NW 6th Floor
Wash. DC 20001

and

Sheryl E. Ellison
913 Decatur St. NW
Wash. DC 20011

**Defendants**

WILLIAM S. Fralin
4525 Kling St. NW
Wash. DC.

and Thomas H. Delaine
P.O. Box 1074
Randallstown, Md. 21133

United States Assistant Attorney
serve: Roscoe Howard
555-4th St. NW
Washington, DC 20020

U.S. Attorney for D.C.
serve: Roscoe Howard
555-4th St NW
Washington, DC 20020

Attorney General of U.S.
Dept. of Justice-room B-11
950 Pennsylvania Ave. NW
Wash. DC 20530-0001

Franklin P. Delaine
4379 South Dakota Ave. NE
Washington, DC.

**Amended COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.
From 1999 to 2003 my constitutional, civil, human and individual rights were violated, invasion of my privacy, I was being spied on and was continuously terrorized and under government surveillence while some acts of biological warfare were conducted on me and I was stalked by the government throughout the Washington DC metropolitan area and in any and every state within the United States. medical reports along with defamatory and slanderous statements were wrongfully disclosed and published to the media and throughout government and private agencies to be used against me, personally in these agencies that I visited or had some contact with. This government funded project of crimes against humanity and violation of constitutional rights against me personally was their conspiracy to get me down to get me to break and loose my mind and to get me under control to the ultimate point which was to get me to commit suicide because to them this was a game that they decided to play for having me as practice and using me as a guinea pig and endangering my life created jobs and money for government, private and corporate industries. This scheme was designed by the government.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 500,000,000.00 with interest and costs.

Phone: 202-829-1745

DISTRICT OF COLUMBIA, ss

Ellen L. Delaine _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

Ellen L. Delaine
(Plaintiff)                                                                    Agent)

Subscribed and sworn to before me this 4/6th day of Apr. 2004

(Notary Public/Deputy Clerk)

Exhibit 1

to make a statement to the world that they could use me as an example to show them that I am "property" of the United States which they own and that they have the right to control me by violating any and all of my constitutional, civil, human and individual rights regardless to the fact that this governments laws and constitutions prohibits such violations. This government decided to control the "weather", the term that was slanderously used throughout the media to inject into the minds of the public regarding me and all and everything centered around this scandalous scam against me which has been in full bloom motion since 1999 and is presently ongoing. The reason for the lengthy duration of this criminal government project was to allow Sheryl Ellison, the government agent in charge of this project, to not be rushed and allowed to take all the time she wanted to play and learn and to stay in practice of fraternity and sorority hazings and pledging activities or whatever games that she and William S. Fralin decided to play in gambling with my life. Regardless to how illegal these tactics they agreed to use to violate my civil, individual, human and constitutional rights, this government funded project of crimes against humanity on me was allowed to continue in order for them to exert all their powers necessary to getting the "weather" under control. Other co conspirators were Thomas H. Delaine and Franklin B. Delaine along with the assistance of the U.S. Government and its agencies and private and corporate sectre organizations. The conspiracy plan to control me by "getting me down" utilized the tactics of attacking my educational history, types of grades I made in

-2-

School, type of degree held, if any, exposing my medical records entirely, my financial records, social, public and private life, and along with their libels and slanders and defamatory statements, to project me by unreasonably placing me in a false light before the public and exposing me to public scorn, hatred and danger through publication continuously placed my life in danger with organizations who networked with them in this conspiracy and by those whomever these defamatory information was infiltrated to. This was the team who conspired together on the acts and actions of defamation and invasion of my privacy. Never had I given any conscent to nor made any agreement with, nor had I any knowledge of their plans for using me to destroy my life for their means for financial profits. These physical and psychological acts of terrorism against me were designed to place me under constant fear in order for them to gain control of me and control over the protection of my life from danger, which I had none, that they placed me into. Metro Transit, Greyhound Bus Lines, Safeway and Giant Food Stores, Government and Private Corporate organi-zations networked with them on spying on me and keeping me under surveillence while in their facilities and I was slandered by representatives in these organizations by their publicly making defamatory statements about me while I was in their facilities. My privacy was Constantly invaded as I was being observed while taking Care of my personal hygeine, being observed while disposing

- 3 -

of my bodily wastes, being spied on when sleeping, dressing, walking, privately mourning over a family members death, and this information was published and became an amusing subject for their conversations. I also encountered violent physical attacks and threads from police, police security persons who made slanderous remarks to me, from persons who were set up to approach me to harrass me who made themselves apparent to me that they knew exactly where I was and that they were a team member who was paid to do their part in the conspiracy of "getting me down" These verbal and physical attacks along with the emotional trauma I suffered from these terrorists attacks against me affected my state of health well being to the extent that has left me disabled.

I am seeking relief for compensatory damages for medical bills, general damages for pain and suffering endured as a result of physical injuries, the discomforts and emotional injuries suffered from discriminatory conduct and damage done to personal reputation and business reputation because of libels and slander.

I am seeking relief for punitive damages because the defendants engaged in intentional and highly reckless misconduct and activity dangerous to public, plaintiff, fraud and invasion of privacy. The defendants engaged in a long pattern of conduct which violated laws that prohibit this type of discrimination. Defendants conspired to defame plaintiff to inflict emotional distress.

—4—

I demand relief in the amount of   $10,000,000.00 from Thomas H. Delaine for conspiracy, compensatory damages and punitive damages.

I demand relief in the amount of $10,000,000.00 from Franklin P. Delaine for conspiracy, compensatory and punitive damages

I demand relief in the amount of $80,000,000.00 from William S. Fralin for conspiracy, terrorism, punitive damages and compensatory damages.

I demand relief in the amount of 400,000,000.00 from Sheryl K. Ellison and the District of Columbia Government and its agencies for conspiracy, terrorism, punitive damages and compensatory damages
I demand relief in the amount of
from Sheryl K. Ellison and the United States Government and its agencies for conspiracy, terrorism, punitive damages and compensatory damages.

*Ellen L. Delaine*
Ellen L. Delaine
5608 - 14th St. N.W.
Washington, D.C. 20011
202-829-1745

# CLAIM FOR DAMAGE INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008
EXPIRES 3-31-91

1. Submit To Appropriate Federal Agency:

*Department of Health and Human Services*
*330 Independence Avenue SW*
*Office of the General Counsel*
*Wilbur J. Cohen Federal Building, Room 4760*
*Washington, D.C. 20201*

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)

*Ellen L. Delaine*
*5608-14th Street NW*
*Washington, D.C. 20011*

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | *05-29-64* | *Single* | | |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.) *Plaintiff's Complaint addresses a Civil Conspiracy & invasion of rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by conspirator defendants United States, District of Columbia, Sherry I. Ellison, William S. Frohm, Thomas J. Delaine, Franklin P. Delaine. Since 1999, the beginning of the conspiracy Plaintiff was continuously under surveillance by unauthorized use of wire and electronic devices for audio and oral communication, her privacy was continuously invaded defamatory and slanderous information was wrongfully disclosed and published Plaintiff's was continuously threatened and attacked by police and other persons and personal representatives of various agencies who participated in concerted actions in this civil conspiracy. Plaintiff was wrongfully intimidated and slandered by representatives of various agencies who intentionally inflicted emotional distress. Social Security Administration representatives intentionally made fraudulent reports on behalf of Plaintiff which deprived her of her rights to claims under Waiver (see attachment)*

## PROPERTY DAMAGE

9.
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

## PERSONAL INJURY/WRONGFUL DEATH

10.
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

*Physical injuries of back, neck, spine, shoulder bruises to body, head injury, muscle weakness and loss of mobility to hands, Emotional and mental distress.*

## WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |
| | |

12. (See instructions on reverse)

## AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | *400,000,000.00* | | *400,000,000.00* |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Ellen L. Delaine* | *202-829-1745* | *April 6, 2006* |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

*Exhibit 2*


DEPARTMENT OF HEALTH & HUMAN SERVICES
Case 1.06-cv-02194-EGS   Document-3-4   Filed 04/25/2007   Page 7 of 51
Office of the General Counsel
General Law Division

330 Independence Avenue, S.W.
Room 4256, Wilbur J. Cohen Federal Building
Washington, D.C. 20201

April 7, 2006

**CERTIFIED - RETURN RECEIPT REQUESTED**

Ellen L. Delaine
5608 - 14th Street, N.W.
Washington, D.C.  20011

Dear Ms. Delaine:

This will acknowledge receipt of your claim against what appears to be the Social Security Administration.

**This office handles claims filed against employees of the U.S. Department of Health and Human Services/Public Health Service only.**

Therefore, we are returning your claim to you so that you can file it with the address listed below:

        Office of General Law
        Office of the General Counsel
        Social Security Administration
        Room 617, Altmeyer Building
        6401 Security Boulevard
        Baltimore, Maryland 21235

        (410) 965-3166

Please contact that office for further information.

        Yours truly,

        Linda A. Vincent
        Paralegal Specialist

Enclosures

*Exhibit 2*



# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVE
OMB NO.
1105-0008
EXPIRES 3-31-91

**1. Submit To Appropriate Federal Agency:**

U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**

Ellen L. Delaine
5608 14th Street NW
Washington, D.C. 20011

**3. TYPE OF EMPLOYMENT**
☐ MILITARY  ☐ CIVILIAN

**4. DATE OF BIRTH**
05-29-64

**5. MARITAL STATUS**
single

**6. DATE AND DAY OF ACCIDENT** continuing
Offenses and injuries since 1999

**7. TIME (A.M. OR P.M.)**
various times

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.) Plaintiffs Complaint addresses a civil conspiracy of invasion of risks in a continuing intentional tort-doctrine for a continuing intentional infliction of emotional distress by conspirator defendants, United States, District of Columbia, Sheryl E. Ellison, William S. Fralin, Thomas H. Delaine, Franklin Pipeline since 1999. Plaintiff was continuously under surveillance by unauthorized use of wire and electronic devices for accidental oral communication, her privacy was continuously invaded, defamation and slander information was wrongly disclosed and publicized, Plaintiff was continuously threatened and often by police and other persons and personnel representatives of various agencies who intentionally... Plaintiff was often intimidated and who participated in conspired actions in this civil conspiracy. Plaintiff was often intimidated and... social security and was deprived of the rights declared under this act... various agencies who intentionally... intentionally made fraudulent reports on behalf of Plaintiff when deprived...

**9.**

**PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

(see attachment)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10.**

**PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Physical injuries to back, neck, spine, shoulder, bruises to body, head injury, muscle weakness and loss of mobility to hands, emotional and mental distress, pain and suffering.

**11.**

| WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| | |

**12. (See instructions on reverse)**

**AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | 400,000,000.00 | | 400,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

**13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)**

Ellen L. Delaine

**13b. Phone number of signatory**
202-829-1945

**14. DATE OF CLAIM**
April 19, 2006

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

95-108
Previous editions not usable.

NSN 7540-00-634-4046    Exhibit 3

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE

Claim for Damage, January 25, 2007, Page 1 of 51

① August 15, 2005 - Plaintiff was assaulted and battered by a police officer of the National Park Service Police at approximately 9:45 pm at the location of the Rock Creek Park William Fitzgerald Tennis Center at 16th and Morrow Drive N.W., Washington, D.C. Plaintiff had just exited a Washington Metropolitan Area Transit Authority bus at the location of 16th and Colorado Avenue N.W., whereby she was under surveillance while on the bus, her privacy was being invaded by WMATA representative wrongly disclosing what time Plaintiff boards or departs the bus, what time and what bus the Plaintiff is traveling on. Plaintiff had just used the restroom at the Rock Creek Park and was walking in the direction of 16th Street and Kennedy using an assistive walker, when the National Park Service Police stopped Plaintiff, threw away her walker assist and pushed Plaintiff on the ground. Several other National Park Service Police came to the scene after Plaintiff yelled for help. Plaintiff was injured and an ambulance responded. National Park Service Police had been participating in concerted action in a civil conspiracy to invasion of Plaintiff rights and intentionally violated her rights and assaulted and battered Plaintiff.

2. October 28, 2004, Plaintiff boarded a WMATA bus at the intersection of Clifton Street N.W., at 14th Street northbound Washington D.C. Immediately after Plaintiff had entered, holding in one hand a portable talk-cart, and an assistive walker, in the other hand, and before Plaintiff had an opportunity to be seated, the bus driver accelerated the bus and suddenly slammed on the brakes, causing Plaintiff to fall backwards onto her back, hitting her head against the farbox before she

1 -

fell to the floor. WMATA was invading Plaintiff's privacy and using her for commercial purposes and participating in concealed actions in a civil conspiracy. Plaintiff was scheduled to file a document in court the following day against the District of Columbia, and this injury to Plaintiff was an assault as hope to prevent Plaintiff from filing her document. Plaintiff's document was filed in the U.S. District court for District of Columbia, on October 29, 2004, and was returned to Plaintiff by Judge Gladys Kessler, who stated that Plaintiff did not file a reply per her motion for a new trial, which was why Plaintiff's motion was denied.

(3) September 19, 2004, at approximately 8 o'clock pm, Plaintiff was assaulted and battered at a Giant Food store at the address of 3460 14th Street N.W, Washington DC, by a person named Valerie Dawson, who was solicited to commit a crime of violence against Plaintiff. The store manager, Mr. Ken Manning, observed the assault and made no effort to restrain the behavior of Valerie Dawson, whom he saw was dangerous. When the Washington Metropolitan Police arrived after Mr. Ken Manning, the store manager who called them, he told the police that nothing happened. Valerie Dawson admitted to the police that she did in fact assault me, and the Police acted in concerted actions with the store manager, who informed them to not issue a Police report.

(4) On September 9, 2004, Plaintiff was assaulted and battered at the Eleanor Kennedy Shelter at the location of 9155 Richmond Highway in Fairfax, Virginia, by a resident named Valerie Larson. Plaintiff was temporarily residing there. Plaintiff was continuously under surveillance by unauthorized wire and electronic

2

devices for audio and oral communication. Information regarding when Plaintiff arrived and departed was wrongfully disclosed, and Plaintiff was being observed when bathing, using the restroom, taking care of her personal hygiene, and whatever she did. A few days prior to the September, 2004 assault there, another resident was bothering Plaintiff's feet when Plaintiff was still in her bed. Or another instance another resident was bothering Plaintiff while she slept, in order for her to connect her cell phone, which was against the shelter regulations.

(5) On July 20, 2004 at approximately 9 o'clock pm, Plaintiff was assaulted by a resident when she was residing at the Open Door shelter at 425 D street N.W. Washington D.C. Plaintiff was checking in at the end of the day when a resident ran up to her, in the presence of the duty staff person, and the resident threatened to punch Plaintiff in the face if she did not move. The staff person did not reprimand the resident who threatened her and the resident's actions were in violation of the shelter rules.

When Plaintiff checked into the shelter on July 16, 2004, and was undergoing intake process, Ms. Blackwell, a staff person referred to Plaintiff as being crazy. Ms. Blackwell with reckless disregard and knowledge of the falsity of her statement intentionally made that defamatory remark to ruin Plaintiff's character to intentionally inflict emotional distress.

(6) On May 10, 2005 at approximately 1:30 Am Plaintiff was at the "Wings 'N Things" at the location of Georgia Avenue and Kennedy Street N.W. Washington, DC and was assaulted and battered by an adult female white in the store. The adult female continuously boisterous and belligerent and was stating that Plaintiff was taking her injury that she had on the Metro bus, and she stated

3

that she knew what happened. The store manager, Karen did nothing to restrict the behavior of the female addict who she saw was dangerous. The female continued to raise her arms and poke her hands in Plaintiff's face as she had Plaintiff cornered. Before Plaintiff arrived at the store, she had just departed a WMATA bus, the 70 Line, and Plaintiff was continuously under surveillance. Earlier that day, Plaintiff was assaulted by a person who was a passenger on the same bus that she was on.

(7) On May 6, 2005 at approximately 10:53 AM, Plaintiff was at the Greyhound Bus Station at the location of First and K Street NE. Washington D.C., and purchased a bus ticket to Wilmington, Delaware. A person appearing to be a passenger was standing at the departure gate where Plaintiff was and began rudely speaking to Plaintiff and intimidating her. Plaintiff then took a seat. When the bus arrived, the driver of the bus came inside and asked Plaintiff if she was going to board and Plaintiff said no. The bus driver then insisted that the bus was going to Wilmington, Delaware, whereby Plaintiff never spoke with him before nor told him that she was going to Wilmington. The departure gate did not only specify Wilmington, Delaware, and there were several location stops all the way to New Jersey and Philadelphia. Then the bus driver attempted to come to Plaintiff's luggage to look at the ticket on it which indicates the destination. Shortly after the customer service ticket agent who Plaintiff purchased her ticket from, left his ticket counter and came to the gate nine waiting area where Plaintiff was seated and shouted at Plaintiff and said, "Didn't you purchase a ticket to Delaware? When you purchase a ticket you have to get on the bus." The ticket agent was pointing his finger and shaking it at Plaintiff and his conduct was outrageous as his facial and bodily expressions were violent. Several customers in the terminal 4

saw and heard him.

Greyhound has been participating in concerted actions in this civil conspiracy and has invaded Plaintiff's privacy by disclosing private information about where Plaintiff travels to, what time she departs and arrives, Plaintiff has been followed on the buses by persons appearing to be passengers, and Plaintiff has been slandered and intimidated by Greyhound representatives and other persons who participate in concerted actions in this civil conspiracy of invasion of Plaintiff's rights.

- On February 12, 2005, at approximately eleven o'clock p.m. Plaintiff was in the Greyhound Bus Terminal at the location of First and K streets, N.E., Washington D.C. and had purchased a seven day in advance one way ticket to Miami, Florida. The male customer service agent at the ticket counter was the only agent working when Plaintiff purchased her ticket. On or about the end of February, 2004, at the home residence of Plaintiff, one of her brothers informed her mother that Plaintiff had purchased a one way ticket to Miami. Plaintiff never spoke with anyone regarding her purchase of the ticket or its destination.

- In January 2002, Plaintiff was inside of the Greyhound Bus Terminal in Jacksonville, Florida, standing in the travelers waiting area. The male adult who was seated behind the desk of the General Managers Office, came out of his office and walked passed Plaintiff and looked directly in her eyes and said to her, "If you can't hang with the big dogs get off the porch."

- In the year 2000 at the Boston, Massachusetts Greyhound Downtown Terminal, at 7 or 8 AM, when they just opened, Plaintiff entered to use the restroom and was the first female person in the terminal that morning. While Plaintiff was in the restroom, a voice came over the intercom system announcing, "There's an obnoxious smell in the womens

5

restroom." I was the only person in the restroom and no one else had entered.

— On May 24, 2004 Plaintiff was departing Atlantic City, New Jersey at the Hilton Casino to take an 8 o'clock pm bus to Silver Spring, Md. When Plaintiff boarded the bus, the driver was standing next to his seat. There was a senior citizen woman who was seated in the first seat in the aisle section. When Plaintiff walked passed her to be seated, the bus driver asked the woman if she smelled Plaintiff. Plaintiff seated herself about four or five seats down, and when Plaintiff got seated, the bus driver looked at Plaintiff and said, "See, she never did have that much in her." After a few minutes later, other passengers entered the bus and looked directly at Plaintiff and started holding their noses and waving their hands back and forth across their noses.

⑤ On September 1, 2004, Plaintiff was at the Northern Capitol Location Post Office at the location of Two Massachusetts Avenue NW, Washington, D.C. to mail letters and to locate a zip code number. Ms. Gloria Thompson, a customer service supervisor assisted Plaintiff with mailing letters and told Plaintiff to look again in the zip code directory for a zip code that could not be found, and then go to the window of Ms. Iris Mitchell for assistance, since she was closing her window. When Plaintiff entered Ms. Iris Mitchell's window, Plaintiff asked for assistance in locating a zip code and Ms. Mitchell stated that she could not find it. Iris then told Plaintiff to look through her zip code directory and made a defamatory/slanderous comment to Plaintiff. Iris Mitchell asked Plaintiff if she could move to the next window to look through the book and made negative facial and hand gestures, pinching her nose and waving her hand back and forth across her nose as she said, "You're wearing cologne and I can smell you." Plaintiff            6

asked her to repeat what she said and she again made the same negative facial and hand gestures as she repeated her slanderous remark.

- On or about April 11, 2005, Plaintiff was inside the main Post Office located in downtown Fayetteville, North Carolina. Persons had entered the Post Office appearing to be customers made loud statements as they looked at Plaintiff and referred to Plaintiff as a boozer. When Plaintiff reached the customer service clerk, a slanderous remark was made to Plaintiff as well.

- On or about June 23, 2005 at the United States Post Office at the location of Main Street in Wilmington, Delaware, at approximately one o'clock pm, Plaintiff was purchasing a money order and was to mail a certified letter. Prior to Plaintiff coming to the Post Office, she was at the DuPont Hotel at Main Street where she made a telephone call to an attorney regarding the certified mail that she was going to forward to him. Plaintiff's telephone call was intercepted and while Plaintiff was waiting in line to be served at the Post Office, persons appearing to be customers were talking loudly disclosing private information regarding the contents of Plaintiff's telephone conversation to her attorney.

- Plaintiff had been rudely spoken to by a customer service representative of the United States Postal Service at the Benjamin Franklin Post Office on Pennsylvania Avenue, N.W., Washington, DC, in September, 2005, and at the 14th and L Street N.W., Washington, D.C. Post Office in September and October, 2004.

(6) Plaintiff was continuously spoken to rudely by clerks in the Superior Court for the District of Columbia and the United States District Court for the District of Columbia. Plaintiff was also told to unnecessarily remove items

7

from her purse when entering these buildings and was often slandered and intimidated by these security persons. Plaintiff was refused to file court documents with the court clerks and Plaintiffs documents were returned to her by Judges.

— On October 29, 2004 Plaintiff filed a document in the United States District Court for the District of Columbia Clerks Office, and was accepted and stamped in. On or around November 8, 2004, Plaintiff received an envelope from the return address of the United States District Court for the District of Columbia that contained Plaintiffs original document that she filed on October 29, 2004 with a notation at the bottom stating, "Leave to file denied" Case dismissed 9-24-04." There was no signature from the sender or the date it was written. Plaintiffs document was timely filed, which was a motion for a new trial. Plaintiff later received an Order from the Court by Judge Gladys Kessler, denying her motion for a new trial, that stated the reason was because Plaintiff did not file a Reply document. Plaintiffs October 29, 2004 document, that was returned to her by mail was a "Reply document." The docket sheet information on Plaintiffs case did not record Plaintiffs filing of her Reply document.

— On August 26, 2005 at 4 o'clock p.m at the location of the Superior Court for the District of Columbia, Plaintiff was in the civil clerks office to file a response to a motion and was told by the clerk that she had to change the wording in her motion. Plaintiffs motion was properly worded. The clerk began to speak loud and rudely to Plaintiff, and Mr. Jenkins, the Civil Clerk Branch Manager intervened and began to speak rudely to Plaintiff and stated for Plaintiff to change the wording on her document or else she could not file it. As Plaintiff began pointing to the words on her document to show Mr. Jenkins that

8

it was properly worded, he began to take his hand and started hitting Plaintiff's hand and was saying; "That's the way it had to be." His conduct was outrageous and uncivilized as other customers observed him rudely speaking to Plaintiff.

— On Wednesday, June 8, 2005 at three o'clock p.m. Plaintiff was in the United States Court of Appeals to file a motion. Plaintiff gave her original to the court clerk Mark, who immediately made copies before Plaintiff had signed it. When Mark was informed by Plaintiff that she had not yet signed, Mark men told Plaintiff to sign all four copies that he had made. Plaintiff stated that she would sign only the original and for him to make copies of the signature page, since the other copies were to be made from the original. Mark began to rudely speak to Plaintiff and intentionally gave Plaintiff false information about signing all of the copies of the document.

⑥  On October 28, 2004 at approximately 2 o'clock p.m. at the location of the Social Security Administration Office of Hearing and Appeals at 810 First Street N.E., Washington, D.C., Plaintiff was there to reschedule a missed appointment for photocopying her files due to a medical emergency. Mr. David Hash assisted Plaintiff and began to speak rudely to Plaintiff. Plaintiff showed him her appointment slip which contained the date, time, reason for appointment, and the name of the person who made the appointment, with the name Social Security Administration on it. Mr. Hash stated that was not an official appointment slip and his conduct got uncivilized. Plaintiff rescheduled her appointment for November 1, 2004 at noon, and Plaintiff asked David Hash if he would write out an appointment slip, which he became irate and stated that "I didn't

9

need one because he would be there. Plaintiff asked for an appointment slip to avoid any confusion. David Hash then grabbed a yellow slip of paper that was entitled, Routing and transmittal slip, and he then wrote 11-1 and noon and gave it to plaintiff. Plaintiff asked for him to sign it so that she could verify that he rescheduled her appointment. David Hash's behavior became uncivilized as he started shouting at Plaintiff, whereby the other customers and security guard were observing him. He then showed his identification badge and started shouting that this is who he was. He then continued to express violent behavior. Plaintiff asked the security guard for his supervisor, and Plaintiff was traumatized. Ms. Angela Myles spoke to plaintiff and made a copy of the yellow slip that David Hash gave her stating that this was an appointment slip. Ms Myles then informed Plaintiff that Mr. Andrew Emerson was David Hash's supervisor. Plaintiff forwarded a letter of complaint to Mr. Emerson on December 6, 2004.

— On March 7, 2005, Plaintiff was at a hearing at the Social Security Administration Office of Hearing and Appeals in Washington, DC before Judge Strick. Judge Strick showed Plaintiff a medical report that was fraudulently labeled by the Social Security Administration. Plaintiff stated to the Judge that she never received treatment from Mobile Medical Care, the name that Social Security labeled a medical document. A false presentation of a material fact made by Social Security Administration was used to determine my right to payment under the Social Security Act. Plaintiff is due back payments from Social Security that she has not yet received.

— On April 9, 2004 Plaintiff was at the Social Security Administration at 2100 M Street NW,

10

Washington, D.C. before SSA representative Ann Lahocki. Ann Lahocki inserted false information about Plaintiff's income and had Plaintiff to sign for a back payment SSI check that Plaintiff never received. Plaintiff called the SSA customer service number and was told by agents that the check was mailed to Plaintiff's home address. Plaintiff was later told that since she never received the check that they would cut another check that Plaintiff would receive in 10 days. Plaintiff was later informed that her SSI check was in the District of Columbia Finance and Revenue Office. Plaintiff never received notice from then of their receipt of her check and how much if any she would receive. Plaintiff never received her SSI back payment check.

10) On February 12, 2003, Plaintiff was at the city of Rockville Police station at approximately 7 o'clock p.m. to use the restroom. Plaintiff was ordered out of the restroom by the Rockville City Police lieutenant. Chief of Police, T. N. Treschuk and the Rockville Police lieutenant told Plaintiff that she could not leave the precinct and called the Montgomery County Police Homicide Division. Plaintiff was not placed under arrest nor given a probable cause for her being detained. Rockville City Police Officers Cpl. Malko and Cpl. Paul stood guarding the front entrance. Montgomery County Homicide Division Officers Joan Buchan and Pat McMenamy arrived and started taking pictures of Plaintiff without her consent. Cpl. Malko stated to Plaintiff that "We" meaning the police, "can do whatever we want". Cpl. Malko snatched Plaintiff's purse and went through it and wrote down Plaintiff's personal information of her address, name, and telephone number. When Plaintiff was released and went outside and was smoking a cigarette, Cpl. Malko again threatened Plaintiff and

11.

and stated, "Now that's assault and I can arrest you for a very long time.

(11) On December 24, 2003, Plaintiff filed a complaint in the Circuit Court for Montgomery County, Maryland, alleging that during her resident at the Rainbow Shelter/Rockville Presbyterian Church at 215 West Montgomery Avenue, Rockville, Maryland, from December 16, 2002 until March 31, 2003, she was assaulted, battered, was slandered, defamed by residents and staff who were participating in concerted actions in a civil conspiracy of invasion of rights in a Continuing Intentional tort Doctrine for a Continuing Intentional Infliction of Emotional Distress. Beth Lane, the shelter director intentionally made slanderous comments and referred to Plaintiff as being diseased, in order to inflict emotional distress. Marcia Emory-Johnson, the shelter case manager, called Plaintiff "crazy", while in the presence of other residents in order to inflict emotional distress. Plaintiff was assaulted and battered by a resident whereby the staff did not reprimand her behavior which was against the shelter rules. Plaintiff was often slandered by other residents. Plaintiff was continuously under surveillance and private facts about Plaintiff were wrongly disclosed and published. Marcia Emory-Johnson was employed by the Mental Health Association of Montgomery County and was prior employed at the Sophia Hanse Shelter in Rockville, Maryland, when Plaintiff resided there, and the same invasion of Plaintiff's privacy occurred. These were continuing offenses and injuries to Plaintiff that occurred at the Rainbow Shelter.

(12) On May 12, 2004 at 6 o'clock p.m., Plaintiff was at the Sibley Memorial Hospital Emergency Room at

12

the location in Washington, D.C. Plaintiff was complaining of severe lower back pain and was seen by physician assistant Antonio Penagunda. Antonio Penagunda, without announcing to Plaintiff what he was about to do, reached into Plaintiff's hospital gown and grabbed her breasts and positioned them exposed outside of her gown to connect EKG monitors, which were not placed on Plaintiff's breasts. The curtains were not drawn close in the exam room whereby other persons could see Plaintiff's exposed breasts. Once the EKG monitors were placed Antonio Penagunda left Plaintiff's breast exposed. Dr. Richard Dogan then entered Plaintiff's room and began speaking rudely to Plaintiff with outrageous conduct. Plaintiff was informed that her heart rate was stable and Dr. Dogan stated that he would have Plaintiff to go for x rays. Dr. Dogan never examined Plaintiff for her back pain that she was suffering from. Dr. Dogan then told his assistant, Antonio Penagunda, to re attach the EKG monitors to Plaintiff as he observed while Antonio Penagunda again removed Plaintiff's breast and left them exposed. After Plaintiff waited more than two hours to be taken to x rays, Antonio Penagunda then returned and finally gave Plaintiff pain medication. While Plaintiff was sedated, Antonio Penagunda told Plaintiff to sign papers stated that she left the hospital (against the doctor and staff orders. Plaintiff was still attached to the EKG monitors lying on the hospital bed. Plaintiff was told to sign the fraudulent papers and was told that Dr. Richard Dogan was awaiting ng signature) and that Plaintiff could not leave the hospital. Dr. Richard Dogan also wrote fraudulent reports stating that Plaintiff walked out of the emergency room with a perfect gait and erect, and he never saw Plaintiff walk. Dr. Dogan also wrote in reports that Plaintiff had no hesitancy whatsoever to walk. Plaintiff's complaint was of severe back pain

13

and she was not examined nor Xrayed for her problem.

(13) Sunday, June 5, 2005 at approximately six o'clock pm at the location of Georgia Avenue and Irving Street NW, Washington D.C. Plaintiff was a passenger on the H2 or H4 Brookland bus. As plaintiff was about to exit the P.___ ran up to plaintiff and pushed plaintiff on her right lower arm intentionally.

On Sunday June 5, 2005 at approximately nine o'clock pm at the location of Georgia Avenue and Eastern Avenue, N.W. Washington, D.C. Plaintiff was standing at a bus stop waiting for the number 70 southbound. A person, male adult, appearing to be a perspective passenger, begun threatening Plaintiff for not speaking to him, and Plaintiff did not board the bus fearing that he would continue to assault. The male adult became violent and threatened to do harm to Plaintiff and stated that Plaintiff was supposed to have boarded the bus.

— Plaintiff was continuously deprived of her rights of a citizen and disabled person by bus drivers who rude by spoke to her and would not assist her with the disability lift when she needed. WMATA has invaded Plaintiff's privacy on the metro rail and buses by disclosing private facts about when Plaintiff arrived, or departed, which bus or metro rail car Plaintiff is seated. Persons have intercepted Plaintiff at various metro sites to threaten, attack, and slander her to cause physical harm and to inflict emotional distress. WMATA has been using Plaintiff for commercial purposes without her consent.

(14) On Wednesday, August 3, 2005 at the location of Rock Creek Park at 16th and Colorado Avenue N.W. Washington, D.C. Plaintiff was relaxing at a picnic table and was interrupted by a United States Park Police Officer

14

Roddacker who was accompanied by a male adult person in a uniform that read Department of Interior. The Officer falsely accused Plaintiff of being in the park for three days. The male person accompanying the female Officer Roddacker wore a name badge of M. Papa who was constantly giving Officer Roddacker information. The Officer began to search Plaintiff and continued to harass and gave no probable cause for the harassment. Plaintiff was threatened and was emotionally distressed by the incident.

— On Friday, September 23, 2004 at approximately 11 o'clock AM at the location of Rock Creek Park Carter Baron at 16th and Colorado Avenue, N.W. Washington DC, Plaintiff was seated there on a bench. United States Park Police Officer Bellis #295-D3 stated to Plaintiff that the Park is closed. Plaintiff stated that there were no posted signs stated that the Park is closed at dark and Officer Bellis stated that the area is poorly marked. Plaintiff stated that she would leave and Officer Bellis became very rude and asked for identification. Officer Bellis then snatched Plaintiff's purse and went through it. Plaintiff asked if she were under arrest and he did not give Plaintiff a probable cause for her detention. Officer Bellis wrote down Plaintiff's private information of her name, address, etc, and stated that he wanted to let his division know that he had her on record.

Plaintiff was continuously harrassed and threatened by the United States Park Police over the years since 1999. Plaintiff was continuously under surveillance while there by means of unauthorized use of wire and electronic devices for aud and oral communication. Plaintiff was being observed when she used their restroom or wherever she did. Plaintiff was often, and on other occasions not mentioned harrassed by the United States Park Police who

15

deprived her of her rights of being in a Federally protected activity.

Plaintiffs rights have continuously been invaded due to a civil conspiracy of invasion of rights in a Continuing Intentional Tort Doctrine for a Continuing Intentional Infliction of Emotional Distress by the named conspirator defendants. The details of these violations are more fully detailed in United States Code 18, Ch. 13 - Civil rights statutes, Sections 241- Conspiracy against rights, 242-Deprivation of rights under color of law; 245-Federally protected activities; 246-Deprivation of Relief benefits; Section 2000a-Prohibition against discrimination in places of public accommodation. Also chapter 19- conspiracy, section 371 & 373 - Solicitation to commit a crime of violence. Chapter 119 - Selected Statutes on Electronic Surveillance and Wire taps, section 2511-Interception and disclosure of wire or oral communication prohibited; section 2518-Procedure for interception of wire or oral communication. Also violations of U.S. Code 42 § 1985-Ch.21-Civil Rights. Plaintiff was also a victim of intentional torts of assault, battery, fraud, false imprisonment, defamation, slander, libel, and emotional distress, and negligence, and invasion of Privacy. Plaintiff has suffered continual offenses and injuries since 1999, the beginning of the conspiracy, and the offenses and injuries are still in the process of being committed. Plaintiff has filed claims in the United States courts regarding the mentioned offenses and injuries and these attached court documents tells the story. The courts have also been participating in concerted actions of this civil conspiracy by denying Plaintiffs claims.

16

SE05-1975 P.W.
Washington, PC 20511
202-524-1745

District of Columbia
mayor Anthony Williams
Serve: Sheila Dyer Herring
350 Pennsylvania Ave./NW
Wash. DC. 20004

ed:
Office of Corporation Council
Janice Stokes
441-4th St. NW 6th floor
Wash. DC. 2001

Sheryl E. Ellison
913 Decatur St. NW
Wash. DC 2001

vs.

**RECEIVED**
CIVIL CLERK'S OFFICE
APR 06 2004
Plaintiff SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

**Defendants**

William S. Fralin
4525 Klingle St. NW
Wash. DC.

and

Thomas H. Delaine
P.O. Box 1074
Randallstown, Md. 21133

**Amended
COMPLAINT** United States Assistant Attorney for DC
Serve: Roscoe Howard
555-4th St. NW
Washington, DC. 20020

CIVIL ACTION No. 04-0000377

U.S. Attorney for D.C.
Serve: Roscoe Howard
555-4th St. NW
Washington, DC 20020

Attorney General of U.S.
Dept of Justice Room B-1
950 Pennsylvania Ave. N.W
Wash. DC 20530-0001

Franklin P Delaine
4577 South Dakota Ave. N.E.
Washington, DC

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.
From 1999 to 2009 my constitutional, civil, human and individual rights were violated, invasion of my privacy, I was being spied on and was continuously terrorized and under government surveillence while some acts of biological warfare were conducted on me and I was stalked by the government throughout the Washington DC metropolitan area and in any and every state within the United States. medical reports along with defamatory and slanderous statements were wrongfully disclosed and Published to the media and throughout government and private agencies to be used against me personally in these agencies that I visited or had some contact with. This government publicized project of crimes against humanity and violation of constitutional rights against me personally was their conspiracy to get me down to get me to break and loose my mind and to get me under control to the ultimate point which was to get me to commit suicide because to them this was a game that they decided to play for having me as a prisoner and using me as a guinea pig and endangering my life created jobs and money for government, private and corporate industries. This scheme was designed by the government

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 500,000,000.00 with interest and costs.

DISTRICT OF COLUMBIA, ss

Ellen L. Delaine

Phone: 202-829-1745

foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

_(Plaintiff_   Ellen L. Delaine

Subscribed and sworn to before me this ___ day of ___ Apr. ___ 2004

Agent)

_(Notary Public/Deputy Clerk)_

FORM CV(6)-1013/May 88
A-3206 wd-290

to make a statement to the world that they could use me as an example to show them that I am "property" of the United States which they own and that they have the right to control me by violating any and all of my constitutional, civil, human and individual rights regardless to the fact that this governments laws and constitutions prohibits such violations. This government decided to control the "weather", the term that was slanderously used throughout the media to inject into the minds of the public regarding me and all and everything centered around this scandalous scam against me which has been in full bloom motion since 1999 and is presently ongoing. The reason for the lengthy duration of this criminal government project was to allow Sheryl Ellison, the government agent in charge of this project, to not be rushed and allowed to take all the time she wanted to play and learn and to stay in practice of fraternity and sorority hazings and pledging activities or whatever games that she and William S. Fralin decided to play in gambling with my life. Regardless to how illegal these tactics they agreed to use to violate my civil, individual, human and constitutional rights, this government funded project of crimes against humanity on me was allowed to continue in order for them to exert all their powers necessary to getting the "weather" under control. Other co conspirators were Thomas H. Delaine and Franklin P. Delaine along with the assistance of the U.S. Government and its agencies and private and corporate sector organizations. The conspiracy plan to control me by "getting me down" utilized the tactics of attacking my educational history, types of grades I made in

-2-

school, type of degree held, if any, exposing my medical records entirely, my financial records, social, public and private life, and along with their libels and slanders and defamatory statements, to project me by unreasonably placing me in a false light before the public and exposing me to public scorn, hatred and danger through publication continuously placed my life in danger with organizations who networked with them in this conspiracy and by those whomever these defamatory information was infiltrated to. This was the team who conspired together on the acts and actions of defamation and invasion of my privacy. Never had I given any consent to nor made any agreement with, nor had I any knowledge of their plans for using me to destroy my life for their means for financial profits. These physical and psychological acts of terrorism against me were designed to place me under constant fear in order for them to gain control of me and control over the protection of my life from danger, which I had none, that they placed me into. Metro Transit, Greyhound Bus Lines, Safeway and Giant Food Stores, Government and Private Corporate organizations networked with them on spying on me and keeping me under surveillence while in their facilities and I was slandered by representatives in these organizations by their publicly making defamatory statements about me while I was in their facilities. My privacy was constantly invaded as I was being observed while taking care of my personal hygeine, being observed while disposing

-3-

of my bodily wastes, being spied on when sleeping, dressing, walking, privately mourning over a family members death, and this information was published and became an amusing subject for their conversations. I also encountered violent physical attacks and threads from police, police security persons who made slanderous remarks to me, from persons who were set up to approach me to harrass me who made themselves apparent to me that they knew exactly where I was and that they were a team member who was paid to do their part in the conspiracy of "getting me down" These verbal and physical attacks along with the emotional trauma I suffered from these terrorists attacks against me affected my state of health well being to the extent that has left me disabled.

I am seeking relief for compensatory damages for medical bills, general damages for pain and suffering endured as a result of physical injuries, the discomforts and emotional injuries suffered from discriminatory conduct and damage done to personal reputation and business reputation because of libels and slander.

I am seeking relief for punitive damages because the defendants engaged in intentional and highly reckless misconduct and activity dangerous to public, plaintiff, fraud and invasion of privacy. The defendants engaged in a long pattern of conduct which violated laws that prohibit this type of discrimination. Defendants conspired to defame plaintiff to inflict emotional distress.

I demand relief in the amount of $10,000,000.00 from Thomas H. Delaine for conspiracy, compensatory damages and punitive damages.

I demand relief in the amount of $10,000,000.00 from Franklin P. Delaine for conspiracy, compensatory and punitive damages

I demand relief in the amount of $80,000,000.00 from William S. Fralin for conspiracy, terrorism, punitive damages and compensatory damages.

I demand relief in the amount of 400,000,000.00 from Sheryl K. Ellison and the District of Columbia Government and its agencies for conspiracy, terrorism, punitive damages and compensatory damages
I demand relief in the amount of from Sheryl E. Ellison and the United States Government and its agencies for conspiracy, terrorism, punitive damages and compensatory damages.

Ellen L. Delaine
Ellen L. Delaine
5608 - 14th St N.W.
Washington, D.C. 20011
202-829-1745

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN L. DELAINE, | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No. 04-872 |
| UNITED STATES, ASSISTANT | : |
| ATTORNEY FOR THE DISTRICT OF | : |
| COLUMBIA, <u>et al.</u>, | : |
| Defendants. | : |

## MEMORANDUM OPINION

Plaintiff Ellen L. Delaine brings this suit <u>pro se</u> against various federal,[1] state,[2] and individual[3] Defendants. She alleges that Defendants are conspiring to spy on and terrorize her in an attempt to bring the weather under control in violation of her "Constitutional, Civil, human and individual" rights.[4] Compl. at 1. This matter is now before the Court on the Motions to Dismiss filed by the federal and individual Defendants and Plaintiff's Motion for

---

[1] The federal Defendants are the United States Attorney for the District of Columbia; the Attorney General of the United States and the United States Assistant Attorney.

[2] The state Defendants are the District of Columbia; the Office of the Attorney General for the District of Columbia; the Attorney for the District of Columbia; District of Columbia Mayor Anthony Williams and Sheryl E. Ellison.

[3] The individual Defendants are William S. Fralin; Thomas H. Delaine and Frank P. Delaine.

[4] The Court notes that Plaintiff does not specify in her Complaint the violation of any particular constitutional provision or statute.

Reconsideration of the District of Columbia Superior Court's Dismissal of the State Defendants. Upon consideration of the Motions, Oppositions, and the entire record herein, and for the reasons stated below, Defendants' Motions to Dismiss are **granted** and Plaintiff's Motion for Reconsideration is **denied.**

## I.    BACKGROUND

Plaintiff alleges that since 1999, Defendants have been violating her "Constitutional, Civil, human and individual" rights by spying on her, terrorizing her, and placing her under government surveillance while using acts of biological warfare against her. Compl. at 1.  She claims that she has been "stalked by the government throughout the Washington D.C. metropolitan area and in any and every state within the United States."  Id.  She also claims that government agencies have published her medical reports and scandalous information about her to the media.

Plaintiff maintains that these actions are part of a government-funded project, the purpose of which is to make a statement to the world that she is the "property" of the United States government. Id. at 2. She states that these activities are being carried out for the purpose of bringing the weather under control.  Id.  According to her, the government is permitting Defendant Ellison, the agent allegedly in charge of this "project," to "practice fraternity and sorority hazings," and other games on her.  Id.

2

Plaintiff also claims that the metro transit system, the Greyhound bus lines, Safeway and Giant food stores and other organizations have assisted the government in spying on her, and keeping her under surveillance while she is in their facilities. Id.

In addition, Plaintiff alleges that she has "encountered violent physical attacks and threats from police [and] police security persons" who were "team member[s]" "paid to do their part in the conspiracy of 'getting me down.'"[5] Id. at 4.

Plaintiff filed the instant action in the District of Columbia Superior Court seeking compensatory and punitive damages for medical bills and pain and suffering. On February 11, 2004, the District of Columbia Superior Court dismissed the state Defendants from this action.

On May 28, 2004, the federal Defendants removed to this Court. They filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on June 23, 2004. On July 9, 2004, William S. Fralin filed a Motion to Dismiss. On July 30, 2004, Frank P. Delaine and Thomas H. Delaine filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On August 2, 2004, Plaintiff filed a Motion for Reconsideration of

---

[5] Notably, Plaintiff does not allege dates, locations, or provide any additional details about these attacks in the Complaint.

3

the District of Columbia Superior Court's Dismissal of the State
Defendants.

## II.  **ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court
[in its discretion] may dismiss a patently frivolous claim for lack
of subject-matter jurisdiction." Hilska v. Jones, 297 F.Supp.2d
82, 87 (D.D.C. 2003).  See Hagans v. Lavine, 415 U.S. 528, 536
(1974) ("federal courts are without power to entertain claims
otherwise within their jurisdiction if they are so attenuated and
unsubstantial as to be absolutely devoid of merit") (internal
quotation omitted).  "Patently frivolous" claims include those
premised on "bizarre conspiracy theories," "fantastic government
manipulations of the[] will or mind," or "any sort of supernatural
intervention." Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994)
(describing as frivolous a complaint which alleged that "a Secret
Branch of the Federal Government" took the plaintiff's face off his
head, went into his skull, and placed a computer chip and camera
system there to project images in front of him).  "Under settled
law, the [d]istrict [c]ourt may in appropriate cases dispose of a
motion to dismiss for lack of subject matter jurisdiction under
[Rule] 12(b)(1) on the complaint standing alone." Herbert v. Nat'l
Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

In the instant case, it is clear that Plaintiff's Complaint is
the very type of "bizarre conspiracy theory" or "fantastic

4

government manipulation" that our Circuit has said warrants dismissal under Rule 12(b)(1).[6]  Accordingly, the Complaint is dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.[7]

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **granted** and Plaintiff's Motion for Reconsideration of the District of Columbia Superior Court's Dismissal of the State Defendants is **denied**.

An Order will issue with this Opinion.

September 23, 2004

                                /s/
                        Gladys Kessler
                        U.S. District Judge

---

[6]Plaintiff alleges that she has "encountered violent physical attacks and threats from police [and] police security persons" who were "team member[s]" "paid to do their part in the conspiracy of 'getting me down.'"  Compl. at 4.  To the extent that Plaintiff is asserting a claim under the Fourth or Fifth Amendments, U.S. CONST. amend. IV, V, such claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6).  The Complaint contains no specific allegations of the incidents involving the police, i.e., date, location, name, etc..  Accordingly, it fails to "give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2).

[7] Since the Court is dismissing the Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), it need not address the alternate defenses raised by Defendants in their Motions to Dismiss or Plaintiff's arguments in her Motion for Reconsideration of the District of Columbia Superior Court's Dismissal of the State Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLEN L. DELAINE,                    :
                                     :
            Plaintiff,               :
                                     :
      v.                             :      Civil Action No. 04-872
                                     :
UNITED STATES, ASSISTANT             :
ATTORNEY FOR THE DISTRICT OF         :
COLUMBIA, et al.,                    :
                                     :
            Defendants.              :
                                     :

## O R D E R

Plaintiff Ellen L. DeLaine brings this suit pro se against various federal,[1] state,[2] and individual[3] Defendants. She alleges that Defendants are conspiring to spy on and terrorize her in an attempt to bring the weather under control in violation of her "Constitutional, Civil, human and individual" rights.[4] Compl. at 1. This matter is now before the Court on the Motions to Dismiss filed by the federal and individual Defendants and Plaintiff's

---

[1] The federal Defendants are the United States Attorney for the District of Columbia; the Attorney General of the United States and the United States Assistant Attorney.

[2] The state Defendants are the District of Columbia; the Office of the Attorney General for the District of Columbia; the Attorney for the District of Columbia; District of Columbia Mayor Anthony Williams and Sheryl E. Ellison.

[3] The individual Defendants are William S. Fralin; Thomas H. DeLaine and Frank P. DeLaine.

[4] The Court notes that Plaintiff does not specify in her Complaint the violation of any particular constitutional provision or statute.

17

Motion for Reconsideration of the District of Columbia Superior Court's Dismissal of the State Defendants. Upon consideration of the Motions, Oppositions, and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the federal Defendants' Motion to Dismiss is **granted**; it is further

**ORDERED** that William S. Fralin's Motion to Dismiss is **granted**; it is further

**ORDERED** that the Motion to Dismiss filed by Thomas H. DeLaine and Frank P. DeLaine is **granted**; it is further

**ORDERED** that Plaintiff's Motion for Reconsideration is **denied**; it is further

**ORDERED** that the above-captioned case is **dismissed**.

September 23, 2004                              /s/_____
                                               Gladys Kessler
                                               U.S. District Judge

**Copies to: attorneys on record via ECF**

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLEN L. DELAINE,                          :

              Plaintiff,                    :

       v.                                   :

UNITED STATES, ASSISTANT                    :       Civil Action No. 04-872
ATTORNEY FOR THE DISTRICT OF                :
COLUMBIA, et al.,                           :

              Defendants.                   :
                                            :

## O R D E R

On September 24, 2004, the Court granted Defendants' Motion to Dismiss and dismissed the above-captioned case.  On October 7, 2004, Plaintiff filed a Motion for a New Trial; Amendment of Judgment and Relief from Judgment.  Upon consideration of the Motion, Opposition[1] and the entire record herein, it is hereby

**ORDERED** that Plaintiff's Motion for a New Trial; Amendment of Judgment and Relief from Judgment [#19] is **denied.**  No trial was held in this matter and Plaintiff has shown no "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted).

November 3, 2004                        /s/
                                        GLADYS KESSLER
                                        U.S. District Judge

----

[1] Plaintiff did not file a Reply.

Copies to: atto\_neys on record via ECF and

Ellen L. DeLaine
5608 14th Street, NW
Washington, DC 20011

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 04-5420**

**September Term, 2005**

04cv00872

Ellen L. Delaine,
      Appellant

v.

U.S. Attorney for the District of Columbia, et al.,
      Appellees

**Filed On:**



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   OCT 2 1 2005

CLERK

**BEFORE:**   Sentelle, Tatel, and Brown, Circuit Judges

## O R D E R

Upon consideration of the motion for appointment of counsel; the motion for summary reversal and for a default judgment against appellee William S. Fralin and the supplement thereto; the District of Columbia appellees' motion for summary affirmance and the opposition thereto; the DeLaine appellees' corrected motion for summary affirmance and the opposition thereto; the motion for reconsideration of the clerk's order filed March 18, 2005; the motions for default judgments against the federal and DeLaine appellees; the federal appellees' motion for extension of time to file a motion for summary affirmance and motion for leave to file the motion for extension of time and the opposition thereto; and the federal appellees' lodged motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated any likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for reconsideration of the clerk's order filed March 18, 2005, be denied. It is

**FURTHER ORDERED** that the federal appellees' motion for extension of time to file a motion for summary affirmance and motion for leave to file the motion for extension of time be granted. The Clerk is directed to file the lodged motion for summary affirmance. It is

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 04-5420**

**September Term, 2005**

**FURTHER ORDERED** that the motions for default judgments against the DeLaine and federal appellees be denied.  It is

**FURTHER ORDERED** that the motion for summary reversal and for a default judgment against appellee Williams S. Fralin be denied.  It is

**FURTHER ORDERED** that the motions for summary affirmance filed by the DeLaine, federal, and District of Columbia appellees be granted, and that the district court's orders filed September 24 and November 4, 2004, be summarily affirmed as to appellee William S. Fralin as well.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The court did not err in dismissing the case for lack of federal subject matter jurisdiction or in denying appellant's "motion for a new trial, amendment of judgment and relief from judgment," as appellant's fanciful claims are "'patently insubstantial,' presenting no federal question suitable for decision."  Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1991).  Moreover, assuming arguendo that the court had authority to reconsider the D.C. Superior Court's dismissal of certain of appellant's claims (an issue we need not decide), the court did not err in denying appellant's motion for reconsideration, given the fanciful nature of her claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

-2-

# United States Court of Appeals
### For The District Of Columbia Circuit

No. 04-5420                              September Term, 2004

04cv00872

Ellen L. Delaine,
                    Appellant

            v.

U.S. Attorney for the District of Columbia, et al.,
                    Appellees

Filed On:



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    OCT 2 1 2005

CLERK

## O R D E R

Upon consideration of appellant's unopposed motion to extend time to file response to appellees Thomas and Franklin Delaine's motion for summary affirmance, the supplement thereto, and the lodged response; appellant's unopposed motion to extend time to file response to federal appellees' motion for summary affirmance, and the lodged response and reply in support of motion for default, it is

**ORDERED** that the motions to extend time be granted.  The Clerk is directed to file the lodged response to appellees Thomas and Franklin Delaine's motion for summary affirmance, and the lodged response to federal appellees' motion for summary affirmance and reply in support of motion for default.

FOR THE COURT:
Mark J. Langer, Clerk

BY:

Nancy G. Dunn
Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 04-5420

September Term, 2005

04cv00872

Ellen L. Delaine,
          Appellant

v.

U.S. Attorney for the District of Columbia, et al.,
          Appellees

Filed On:

> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
>
> FILED    **JAN 1 1 2006**
>
> **CLERK**

**BEFORE:**    Ginsburg, Chief Judge, and Sentelle, Henderson, Randolph, Rogers, Tatel, Garland, Brown, and Griffith, Circuit Judges

### O R D E R

Upon consideration of appellant's petition for rehearing en banc, and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the petition be denied.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: _____

Michael C. McGrail
Deputy Clerk

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 04-5420

September Term, 2005

04cv00872

Ellen L. Delaine,
          Appellant

   v.

U.S. Attorney for the District of Columbia, et al.,
          Appellees

Filed On:



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED | JAN 1 1 2006

**CLERK**

**BEFORE:** Sentelle, Tatel, and Brown, Circuit Judges

## O R D E R

is   Upon consideration of appellant's petition for rehearing filed December 5, 2005, it

**ORDERED** that the petition be denied.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:           

Michael C. McGrail
Deputy Clerk

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Garrity Parks_  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>APR 2 1 2006 |
| 1. Article Addressed to:<br><br>_Ms Phyllis Parks, Director<br>Torts Branch, Civil Division<br>P.O. Box 888<br>Benjamin Franklin Station<br>Washington, D.C. 20044_ | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br><br>3. Service Type<br>☐ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0100 0006 3594 1893 |

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540

_Exhibit 4_

April 19, 2006

U.S. Department of Justice
Torts Branch, Civil Division
Phyllis Pyles, Director

Ms. Phyllis Pyles,

My attached SF 95 Federal Tort Claim was received in the Office of the General Counsel for the Department of Health and Human Services at the indicated address on April 6, 2006. On April 7, 2006 they addressed a certified mail return receipt requested letter to me stating that they are returning my claim in order for me to file it with the social Security Administration, which they stated appears to be who my claim should be with. My claim is against various federal agencies as I have listed on attached paper for additional information to (#) number 8 of the SF 95 form. The Office of the General Counsel, General Law Division, Linda A Vincent, Paralegal specialist, obviously did not view my claim thoroughly, and see my notation on (#) 8 that clearly states, see attachment.

My understanding is that once a SF 95 form is received by a federal agency and it is discovered that another agency should have received it, the receiving agency will transfer the claim to the appropriate agency, whereby that agency will make contact with the claimant to inform them that they will be handling the claim. However, my claim was not properly reviewed by the receiving federal agency who stated that my claim appears to be with the social Security Administration. Therefore, Exhibit 4

I am forwarding my SF95 claim to your office, along with the letter of April 7, 2006 from the Department of Health and Human Services, General Law Division, to show you that they did not properly access my claim. I am completing a new SF95 form as the date of received stamp is shown on the one that was returned to me.

Sincerely,

Ellen L. Delaine

Ellen L. Delaine
5608 14th Street N.W.
Washington, D.C. 20011

2



**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

_____

Washington, D.C. 20044

PJP:MJTouhey:amb
157-0-32-47; 157-0-32-7
157-0-32-54;157-0-32-5

October 23, 2006

Ms. Ellen L. Delaine
5608 14 Street, N.W.
Washington, D.C. 20011

     Re: <u>Administrative Tort Claim of Ellen L. Delaine</u>

Dear Ms. Delaine:

     This is in response to the administrative tort claim dated April 19, 2006, which you presented to the U.S. Department of Justice. The Department of Justice received your claim on April 24, 2006.

     Pursuant to 28 C.F.R. § 14.2(b)(1), a claim must be presented to the federal agency whose activities gave rise to the claim. In this case, the appropriate agencies for evaluating the merits of your claim are the Administrative Office of the U.S. Courts, U.S. Postal Service, National Park Service, and the Social Security Administration. Accordingly, I am forwarding your claim to those agencies.

     Please direct all further communication regarding your claim to the Administrative Office of the U.S. Courts, U.S. Postal Service, National Park Service, and the Social Security Administration at the addresses listed below.

                 Very truly yours,

                 MARY JO TOUHEY
                 Trial Attorney, Torts Branch,
                 Civil Division

Exhibit 5

cc:    Hon. William R. Burchill, Jr.
       General Counsel
       Administrative Office of U.S. Courts
       1 Columbus Circle, N.E.
       Suite 7-290
       Washington, D.C. 20544

       Mr. Charles Dudek
       Chief Counsel, Torts
       National Torts Center
       U.S. Postal Service
       P.O. Box 66640
       St. Louis, MO  63166-6640

       Arthur E. Gary, Esquire
       Associate Solicitor
       Office of the Solicitor
       Division of General Law
       National Park Service
       U.S. Department of the Interior
       1849 C Street, N.W.
       Washington, D.C. 20240

       Honorable Lisa de Soto
       General Counsel
       Social Security Administration
       Room 600
       Altmeyer Building
       6401 Security Boulevard
       Baltimore, MD 21235



U.S. Department of Justice

Civil Division, Torts Branch
Federal Tort Claims Act Staff

_____

Washington, D.C.  20044

PJP:MJTouhey:amb
157-0-32-47;157-0-32-7
157-0-32-54;157-0-32-5


October 23, 2006


Hon. William R. Burchill, Jr.
General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C. 20544

Mr. Charles Dudek
Chief Counsel, Torts
National Torts Center
U.S. Postal Service
P.O. Box 66640
St. Louis, MO  63166-6640

Arthur E. Gary, Esquire
Associate Solicitor
Office of the Solicitor
Division of General Law
National Park Service
U.S. Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240

Honorable Lisa de Soto
General Counsel
Social Security Administration
Room 600
Altmeyer Building
6401 Security Boulevard
Baltimore, MD 21235

Re:  Administrative Tort Claim of Ellen L. Delaine

Dear Sir or Madam:

The U.S. Department of Justice received the above-captioned administrative claim dated April 19, 2006 on April 24, 2006.  Because the claim arises out of the activities of the Administrative Office of the U.S. Courts, U.S. Postal Service, National Park Service, and the Social Security Administration, I am forwarding the claim to your offices for appropriate action. Claimant has been advised of the referral and requested to direct all further communication regarding the claim to your offices.

Very truly yours,

Phyllis J. Pyles
Director, Torts Branch
Civil Division

Enclosure

cc:     Ms.  Ellen L. Delaine
        5608 14 Street, N.W.
        Washington, D.C.  20011