UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLEN L. DELAINE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NATIONAL PARK SERVICE *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-2194 (EGS)<br>Document No. 9 |

MEMORANDUM OPINION

In this action filed *pro se*, plaintiff sues the Department of Interior's National Park Service for injuries allegedly sustained during her encounters with officers of the United States Park Police on September 23, 2004, August 3, 2005, and August 15, 2005, in the District of Columbia. She seeks $60 million in damages. Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the basis that plaintiff failed to exhaust her administrative remedies before initiating this lawsuit. Because plaintiff has not provided any contrary evidence to defendant's evidence of non-exhaustion, the Court agrees that it lacks subject matter jurisdiction and, accordingly, must dismiss the case.

A damages lawsuit against the United States (or any agency thereof) is authorized by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The statute provides in relevant part that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency *and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

28 U.S.C. § 2675(a) (emphasis added). The exhaustion of administrative remedies is a

prerequisite to filing an FTCA lawsuit in federal court. *See Simpkins v. District of Columbia*, 108 F.3d 366, 370-71 (D.C. Cir. 1997); *GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984).

Defendant proffers the Declaration of Perri S. Rothemich, who states that the Department of Interior received plaintiff's administrative tort claim from the Department of Justice on October 31, 2006. Rothemich Decl. ¶ 4.[1] Plaintiff's claim is being investigated; thus, a final agency decision has yet to be issued. *Id*. ¶ 5. Although the FTCA permits a claimant to treat the administrative claim as deemed denied if the agency fails to provide a final decision "within six months after [the claim] is filed," 28 U.S.C. § 2675(a), plaintiff cannot reasonably assert that she exercised this option because she filed this lawsuit on December 26, 2006, just shy of two months after the "appropriate" agency received the claim. Thus, in the absence of a final agency decision, the Court cannot entertain the complaint. *See Simpkins*, 108 F.3d at 371 (the district court erred in reaching the merits of an unexhausted FTCA claim); *Kirkland v. District of Columbia*, 789 F. Supp. 3, 4 (D.D.C. 1992) ("Because the statutory six month period has not elapsed . . . this Court does not have jurisdiction over [plaintiffs'] claims against the United States."). Defendant's motion to dismiss therefore is granted.[2]

                                                SIGNED: EMMET G. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

DATE: May 2, 2007

---

[1] The Court's consideration of this document to resolve the jurisdictional question pursuant to Fed. R. Civ. P. 12(b)(1) does not convert the motion to dismiss into one for summary judgment. *See Quarles v. General Investment & Development Co.*, 260 F. Supp.2d 1, 7 n.4 (D.D.C. 2003) ("[I]t is only when filing a motion pursuant to Rule 12(b)(6) that a motion to dismiss 'shall' be converted into a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court . . .'") (*quoting* Fed. R. Civ. P. 12(b)(6)).

[2] A separate Order accompanies this Memorandum Opinion.